■ In the Matter of NICHOLAS POULAKIS, as Administrator of the Estate of JOHN POULAKIS, Deceased, Appellant, against VILLAGE OF FREEPORT, Respondent.— Proceeding by the administrator of a volunteer fireman, who is alleged to have died nine days after sustaining injuries in the line of duty, to compel payment of benefits pursuant to section 205 of the General Municipal Law. The appeal is from an order of the County Court, Nassau County, denying without prejudice appellant's renewed application for an order (1) determining that the estate of his intestate is entitled to receive the death benefit provided by said statute; or, in the alternative, (2) excusing petitioner's failure to serve a proper notice of death in due time and (3) granting other relief. Appeal dismissed, without costs and without prejudice to a new application upon proper papers, as hereinafter indicated. The order is not appealable. (*Belfi* v. *International Commercial Corp.,* 277 App. Div. 787, and cases cited therein.) It appears from the record, which includes the papers on the original application, that approximately 60 days after the death of the fireman, appellant, his father and sole survivor, was appointed his administrator and, about that time, mailed a written notice of the claimed injury and resultant death, dated July 5, 1955. That notice, however, is not referred to or made part of the present application. In our opinion, the notice dated July 5, 1955 was adequate, except that it was not timely served; sufficient reason appears why notice was not given in due time, and respondent was not materially prejudiced by the delay of approximately 30 days beyond the time provided by the statute. However, orderly procedure requires that the notice of July 5, 1955 should be annexed to and made a part of the petition for relief. Appellant should also set forth in his new application as reason for

his delay that his son left no widow and that he made prompt application for letters of administration. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.